Exhibit "B"

GARY CHACON
PO BOX 292213
Phelan, CA 92329-2213
(760) 515-9242
sheepshowmedia@gmail.com

GARY CHACON, IN PRO PER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| GARY CHACON,<br><br>          Plaintiff,<br><br>vs.<br><br>CALVARY CHAPEL OF THE HIGH DESERT, a California Nonprofit Corporation; COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; JARROD E. BURNS and JONATHAN CAMPOS, Individually, and in their capacity as Deputy Sheriffs for the County of San Bernardino County California,<br><br>          Defendants | Case No.: CIVSB2229032<br><br>**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES:**<br><br>1) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>2) **FALSE ARREST**<br>3) **VIOLATION OF FIRST AMENDMENT** (Free Speech) - Cal. Civ. Code § 52.1<br>4) **VIOLATION OF FOURTH AMENDMENT** (Seizure) - Cal. Civ. Code § 52.1<br>5) **VIOLATION OF EIGHTH AMENDMENT** (Cruel and Unusual Punishment) - Cal. Civ. Code § 52.1<br>6) **VIOLATION OF CIVIL CODE OF THE STATE OF CALIFORNIA § 52.1 - TOM BANE ACT**<br><br>**JURY TRIAL DEMANDED** |

        COMES NOW Plaintiff GARY CHACON, In Pro Per, and moves the Court for entry of judgement in his favor against defendants and in support of such Complaint states the following:

**JURISDICTION AND VENUE**

**1.**     This action is brought pursuant to California Civil Code § 52.1 as well as the First, Fourth, Eight, and Fourteenth Amendments to the United States Constitution.

**2.**     The Superior Court of the State of California, County of San Bernardino has jurisdiction over this action pursuant to California Civil Code § 52.1(d).

**3.**     The incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, therefore venue properly lies in this court.

— 1 —

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

**PARTIES**

4. Plaintiff GARY CHACON (hereinafter "Mr. Chacon" and/or "plaintiff") is a natural person, who, at all times complained of in this action, is a resident of San Bernardino County, State of California.

5. Defendant CALVARY CHAPEL OF THE HIGH DESERT (hereinafter, "CALVARY"), is a California nonprofit corporation, organized and existing under the laws of the State of California.

6. Defendant, SAN BERNARDINO COUNTY (hereinafter "COUNTY"), is a California municipal corporation, organized and existing under the laws of the State of California.

7. Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT (hereinafter, "SBCSD"), is A PUBLIC ENTITY EXISTING WITHINT THE State of California, County of San Bernardino. Defendant SBCSD is and was the official law enforcement agency for the COUNTY, and at all times complained of herein the employer of the individuals officers named as Defendants in this action.

8. Defendants DOES 1-10 are persons whose identities are unknown but who is, and at all times complained of herein, was Sheriff's Deputies for the Defendant COUNTY, acting as an individual person under the color of state law. Defendants DOES were acting in their individual capacity and were acting in the course of and within the scope of their employment with defendant COUNTY. DOES 1-10 are sued under a fictitious name and the true identities of DOES 1-10 shall be inserted into the complaint via amendment as their identities become known to Plaintiff.

**FACTUAL ALLEGATIONS**

9. On or about November 1, 2020, at the Calvary Chapel of the High Desert located at 14740 Eucalyptus Street in Hesperia, CA 92345 (hereinafter "the church"), Mr. Chacon was filming from an open and public place.

10. Mr. Chacon had started filming from the outdoor corridor of "the church" parking lot Mr. Chacon walked and filmed the outside of the facility for about two to three minutes. Mr. Chacon then walked to the outer limit of the parking lot and filmed the outside of the church and parking lot.

11. Mr. Chacon filmed for over seven minutes. During that time, he did not interact or talk to any of the church patrons and only filmed what he could see from public view.

12. 12. After about ten minutes of filming Mr. Chacon was surrounded by four members of church staff.

13. For over fifteen minutes Mr. Chacon was baited, harassed, followed, stalked and berated by Calvary Church Staff.

14. At all times Mr. Chacon maintained that he was only there to film what he could see from public space, that we was not there to cause a problem or disruption, and only to document and film matters of public interest.

15. At several points in his interaction with church officials Mr. Chacon was invited to film from the outside parking lot, and to even come inside and sit for service.

16. Eventually, Mr. Chacon moved onto the public sidewalk.

17. Shortly after this the San Bernardino County Sheriff's Deputies arrived on scene. Sheriff's Deputy Doe 2 approached Mr. Chacon and told him that he was okay to film as long as he stayed on the public sidewalk.

18. After a few moments Sheriff's Deputy Doe 2 was joined by Sheriff's Deputy BURNS who demanded Mr. Chacon identification. When Mr. Chacon refused to give up his ID, Sheriff's Deputy BURNS informed Mr. Chacon he would be arrested.

19. Sheriff's Deputy BURNS left to speak with the church officials again and came back to place Mr. Chacon in handcuffs and effectuate an arrest.

20. Sheriff's Deputy BURNS, DOE 2, and Sheriff's Deputy CAMPOS then placed Mr. Chacon in handcuffs and turned off his camera equipment.

21. Mr. Chacon was held in police custody for over twelve (12) hours at the High Desert Detention Center.

22. While in custody at the High Desert Detention Center Mr. Chacon was attacked and knocked unconscious by another inmate.

23. At all times relevant to the acts alleged in this complaint, Defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of the State of California and under the authority of their respective offices as law enforcement officers.

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

24. Prior to and after Mr. Chacon was informed that he was arrested, he had made no threats, had taken no aggressive actions, had not verbally threatened harm or exhibited any actions to cause anyone to believe that they were in any danger.

25. Mr. Chacon had to suffer the humiliation of being handcuffed in public view for everyone to see and was held in custody as if he were a common criminal.

26. Mr. Chacon suffered the loss of his freedom for an unreasonable amount of time in light of the circumstances.

27. No actions of Mr. Chacon would have provided a reasonable officer with reason to believe that the officer had reasonable suspicion to detain Plaintiff and probable cause to arrest/detain Mr. Chacon.

28. None of the Defendants had information in the form of objective articulable facts that would have allowed a reasonable officer to initially detain and/or arrest Mr. Chacon.

29. None of the Defendants had a warrant to arrest Mr. Chacon and no reasonable officer in the position of defendants would have believed that he had probable cause to arrest/detain Mr. Chacon.

### FIRST CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Plaintiff Mr. Chacon, as to Defendant CALVARY)

30. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 29,

31. Through the action described herein on November 1, 2020, employees/agents of CALVARY, instigated, and directed a course of extreme and outrageous conduct with the intention of causing Mr. Chacon emotional distress

32. The conduct of Defendants was extreme and outrageous especially in light of their official position as CALVARY employees.

33. The conduct of Defendants was in retaliation against Mr. Chacon for freely exercising his first amendment right of Free Speech.

**34.** As a direct and proximate result of the acts described above, Mr. Chacon has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

**35.** The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## FALSE ARREST

### (Plaintiff Mr. Chacon, as to Defendant CALVARY)

**36.** Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 35, inclusive, above, as though set forth in full herein.

**37.** Through the actions described herein on or about November 1, 2020, Defendant CALVARY intentionally and unlawfully wrongfully arrested Mr. Chacon, and held him against his will.

**38.** Mr. Chacon was arrested without a warrant.

**39.** The Defendants did not have probable cause and/or reasonable suspicion to arrest and detain Mr. Chacon.

**40.** Mr. Chacon was never charged with a crime.

**41.** Mr. Chacon was not prosecuted for any crime in connection with this arrest.

**42.** As a direct and proximate result of the acts described above, Mr. Chacon has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

**43.** The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

# VIOLATION OF CALIFORNIA CIVIL CODE § 52.1
# VIOLATION OF FIRST AMENDMENT (Free Speech)
### (Plaintiff Mr. Chacon, as to Defendants COUNTY; SBCSD)

44. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 43, inclusive, above, as though set forth in full herein.

45. Observing and recording public official's activities, including police officer, and public buildings from public places, without interfering with the duties of the public official, is a legitimate means of gathering information for public dissemination and is expressive conduct under the protection of First Amendment.

46. This First Amendment right to gather information includes the right to record actions of public officials, including the police, subject to reasonable time, place, and manner restrictions.

47. Mr. Chacon was exercising their First Amendment rights on or about November 1, 2020 when he was filming public officials from a public space in Hesperia, California.

48. Mr. Chacon was not engaged in any unlawful activity or interfering with the duties of the police.

49. None of Mr. Chacon' activities were being conducted in an unreasonable time, place or manner.

50. By stopping, detaining, and arresting the Mr. Chacon, the defendants sought to chill his free speech rights.

51. This act was also in retaliation against Mr. Chacon for freely exercising his first amendment right by recording public officials in a public space.

52. Defendants acting under the color of law deprived the Mr. Chacon of certain constitutionally protected right by preventing him from freely exercising his First Amendment right to record public officials while in public places.

53. Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established rights protected by the First Amendment, and Fourteenth Amendment to the U.S. Constitution.

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

54. As a direct and proximate result of the acts described above, Mr. Chacon has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, 4) any other special and general damages and expenses, in an amount to be proven at trial.

55. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

46.

47.

48. Defendants, did unlawfully arrest Mr. Chacon in an attempt to interfere with the exercise of his First Amendment free speech rights, and Fourth Amendment right to be free from unreasonable seizure.

49. The conduct of the Defendants constituted interference by threats, intimidation, or coercion, or attempted interference with the exercise or enjoyment by Mr. Chacon to rights that are secured by the Constitution and law of the United States, or by the Constitution and laws of the State of California, including the right to be free from unreasonable seizure, and the right to exercise free speech.

47. As a direct and proximate result of the acts described above, the Plaintiff's rights pursuant to Cal. Civ. Code § 52.1 were violated causing Mr. Chacon to have suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, 4) any other special and general damages and expenses, in an amount to be proven at trial.

48. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

**Violation Of Fourth Amendment Right – Unreasonable Seizure of Person**

—7—

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

**(Plaintiff Mr. Chacon, as to Defendants COUNTY; SBCSD)**

Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as though set forth in full herein.

62. Mr. Chacon has a well-established, constitutionally protected right to be free from unreasonable seizures of the person.

63. Defendants acting under the color of law deprived Mr. Chacon of his constitutionally protected right when they unreasonable detained and arrested Mr. Chacon.

64. The seizure of Mr. Chacon was unreasonable in that, Defendants did not have a warrant, probable cause, or even reasonable suspicion to believe Mr. Chacon had engaged in, was engaging in, or was about to engage in any criminal conduct.

65. Defendants did not observe the plaintiffs engage in any criminal conduct and Defendants had no objective facts to form a basis for reasonable suspicion that plaintiffs had committed, was committing, or was about to commit, any criminal conduct.

66. Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Chacon clearly established rights protected by the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution.

67. As a direct and proximate result of the acts described above, Mr. Chacon has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, and 4) any other special and general damages and expenses, in an amount to be proven at trial.

68. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

**VIOLATION OF 42 U.S.C. § 1983; California Civil Code § 52.1**

**Violation Of EIGHTH Amendment Right – Cruel and Unusual Punishment**

— 8 —

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

69. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 68, inclusive, above, as though set forth in full herein.

70. Mr. Chacon has a well-established, constitutionally protected right to be free from cruel and unusual punishment.

71. Mr. Chacon was arrested for Disturbing the Peace - Unreasonable Noise.

72. Mr. Chacon immediately identified himself by name and date of birth to SBCSD after being advised he was under arrest.

73. Mr. Chacon's identity was confirmed at the location of the arrest by Sheriff's Deputy CAMPOS, prior to leaving the location, and prior to being transported and booked at High Desert Detention Center.

74. SBCSD did not cite and release Mr. Chacon at the scene but instead chose to transport him to the High Desert Detention Center for booking.

75. Mr. Chacon was held in custody for over twelve (12) hours.

76. While in custody at High Desert Detention Center Mr. Chacon was attacked and knocked unconscious by another inmate.

77. The decision to transport Mr. Chacon to the detention center, rather than cite and release him at the scene, was in retaliation to Mr. Chacon's refusal to identify on demand, prior to being detained or arrested and is the causation of the subsequent extended and unreasonable detention and injury.

78. Defendants acting under the color of law deprived the Mr. Chacon of certain constitutionally protected rights by subjecting him to cruel and unusual punishment in light of the minor infraction alleged to have been committed.

79. Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established rights protected by the Eight Amendment to the U.S. Constitution.

80. As a direct and proximate result of the acts described above, Mr. Chacon has suffered grievously enduring: 1) the loss of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 3) attorney's fees, 4) any other special and general damages and expenses, in an amount to be proven at trial.

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

81. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## JURY DEMAND

82. Plaintiff hereby demands a trial by jury for all issues that are so triable.

## DAMAGES AND ATTORNEY'S FEES

83. Plaintiff hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 82, inclusive, above, as though set forth in full herein.

84. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered deprivations of their constitutional rights guaranteed by the First, Fourth, Eighth and Fourteenth Amendments to the U. S. Constitution.

85. Plaintiff's incurred damages for loss of reputation, shame, embarrassment, humiliation, mental anguish, pain and suffering, and such other compensatory and consequential damages as the law entitles them to recover.

86. Alternatively, Plaintiff seeks nominal damages for the violations of their Constitutional rights.

87. Plaintiff seeks punitive damages against the individual Defendant Officers for their intentional, willful and wanton acts violating "clearly established statutory and constitutional rights of which a reasonable officer would have known."

88. Plaintiff seeks civil penalties of twenty-five thousand dollars ($25,000) assessed individually against each person who is determined to have violated section Cal. Civ. Code § 52.1.

89. Plaintiffs hereby sues for these damages and prays for just and fair recovery thereof.

90. Plaintiff seeks an award of attorney fees and costs under Cal. Civ. Code § 52.1.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgement against Defendants as follows:

A. Issue a judgement declaring that the acts of the Defendants described herein Violated Plaintiff's Constitutional Rights;

—10—

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

B. For an award of compensatory damages in favor of plaintiff an amount to be shown at trial, in excess of $350,000 against all defendants;

C. For an award of punitive / exemplary damages in an amount to be shown at trial against all defendants, in an amount to be shown at trial, in excess of $350,000;

D. Cost of suit;

E. Reasonable attorney's fees, pursuant to Cal. Civ. Code § 52.1;

F. Such other relief as this Honorable Court may deem just and appropriate.

DATED: October 23, 2023				By: *Gary Chacon*

                GARY CHACON

                In Pro Per

—11—

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**