Anita Susan Brenner, Esq. (SBN 58741)
**LAW OFFICES OF TORRES & BRENNER**
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
Telephone:   (626) 792-3175
Facsimile:    (626) 792-2921
E-mail:       info@torresbrenner.com

Attorneys for Defendant Calvary Chapel of the High Desert, also sued herein as Calvary Chapel of the High Desert, a California Nonprofit Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHACON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CALVARY CHAPEL OF THE HIGH DESERT, a California Nonprofit Corporation; COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; JARROD E. BURNS and JONATHAN CAMPOS, Individually, and in their capacity as Deputy Sheriffs for the County of San Bernardino County California,,<br><br>　　　　　　Defendants. | Case No.: 5:24-cv-00140<br><br>[San Bernardino Superior Court Case No.: CIVSB2229032]<br><br>**DEFENDANT CALVARY CHAPEL OF THE HIGH DESERT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF 1-2] AND DEMAND FOR JURY TRIAL**<br><br>**Complaint filed:**　October 31, 2022<br>**FAC filed:**　　　　October 24, 2023<br>**Removal:**　　　　 January 22, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:**

　　　　Defendant Calvary Chapel of the High Desert (hereafter "Defendant" or "Calvary Chapel"), for itself alone and for no other person, firm, entity or corporation, hereby answers Plaintiff Gary Chacon's First Amended Complaint ("FAC"), now removed to this Court and on the docket as ECF 1-2, as follows:

　　　　Calvary Chapel is expressly identified in the first claim for the state tort of

intentional infliction of emotional distress, expressly identified in the second claim for the state tort of false arrest, and impliedly included in the sixth claim for violations of both the Eighth Amendment and California Civil Code section 52.1. Defendant Calvary Chapel is not named in the second, third, fourth and fifth claims and does not respond to those claims, which do not name this Defendant.

## JURISDICTION AND VENUE

1.  In response to paragraph 1, Defendant admits that plaintiff brings this action alleging violations of 42 U.S.C. § 1983, California Civil Code section 52.1, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Defendant denies that it violated those provisions. Defendant admits that the Court has jurisdiction over this lawsuit, which has been removed by Defendant County of San Bernardino and San Bernardino Sheriff's Department. Defendant denies all further allegations of paragraph 1 as Defendant does not have sufficient information or belief to enable it to answer said further allegations, and because the allegations of said paragraph are vague and ambiguous.

2.  In response to paragraph 2, Defendant admits that plaintiff brings this action alleging violations of 42 U.S.C. § 1983, California Civil Code section 52.1, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Defendant denies that it violated those provisions. Defendant admits that the Court has jurisdiction over this lawsuit, which has been removed by Defendant County of San Bernardino and San Bernardino Sheriff's Department. Defendant denies all further allegations of paragraph 2 as Defendant does not have sufficient information or belief to enable it to answer said further allegations, and because the allegations of said paragraph are vague and ambiguous.

3.  In response to paragraph 3, Defendant admits that the Court has jurisdiction over this lawsuit, which has been removed by Defendant County of San Bernardino. Defendant does not have sufficient information or belief to enable it to answer said further allegations, and because the allegations of said paragraph are

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

vague and ambiguous.

## PARTIES

4. In responding to paragraph 4, Defendant does not have sufficient information or belief to enable it to answer as to Plaintiff, his status, residency and on that ground, denies each and every allegation contained therein.

5. In responding to paragraph 5, Defendant admits.

6. In response to paragraph 6, Defendant lacks sufficient information or knowledge and belief to respond as to other defendants and on that basis denies the remaining allegations.

7. In response to paragraph 7, Defendant lacks sufficient information or knowledge and belief to respond as to other defendants and on that basis denies the remaining allegations.

8. In response to paragraph 8, Defendant lacks sufficient information or knowledge and belief to respond as to Doe Defendants, and on that basis denies. Defendant also notes that there are no references in the caption to Doe Defendants 1 through 10, and that renders the allegation vague and confusing.

## FACTUAL ALLEGATIONS

9. In response to paragraphs 9 through 12, Defendant admits that it is located at 14740 Eucalyptus Street in Hesperia, California. Defendant lacks sufficient information or knowledge and belief to respond as Plaintiff's alleged activities from public spaces and on that basis denies such allegations. Defendant denies that the Church's property is a public space and alleges that Plaintiff engaged in filming from Church's private property despite being requested to leave. Defendant lacks sufficient information or knowledge and belief to respond as to the remaining allegations and on that basis denies the remaining allegations of paragraphs 9 through 12.

10. In response to paragraph 13, Defendant denies the allegations.

11. In response to paragraph 14, Defendant denies that the Church's

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

property is a public space, denies that there were matters of "public interest," and alleges that Plaintiff engaged in filming from Church's private property despite being requested to leave, and that he spoke with Church members and identified himself as "Santa Claus" while wearing a bandana. Defendant lacks sufficient information or knowledge and belief to respond as to the remaining allegations and on that basis denies the remaining allegations.

12.   In response to paragraph 15, Defendant denies that the Church's property is a public space, denies that there were matters of "public interest," and alleges that Plaintiff engaged in filming from Church's private property despite being requested to leave. Defendant lacks sufficient information or knowledge and belief to respond as to the remaining allegations and on that basis denies the remaining allegations.

13.   In response to paragraph 16, Defendant denies that the Church's property is a public space, denies that there were matters of "public interest," and alleges that Plaintiff engaged in filming from Church's private property despite being requested to leave. Defendant lacks sufficient information or knowledge and belief to respond as to the remaining allegations and on that basis denies the remaining allegations of paragraph 16.

14.   In response to paragraph 17, Defendant lacks sufficient information or knowledge and belief to respond as to the actions of Doe defendants, and on that basis denies the allegations.

15.   In response to paragraph 18, Defendant lacks sufficient information or knowledge and belief to respond as to the actions of Doe Defendants or Sheriff's Deputy Burns, and on that basis denies the allegations.

16.   In response to paragraph 19, Defendant lacks sufficient information or knowledge and belief to respond as to the actions of Sheriff's Deputy Burns, and on that basis denies the allegations.

17.   In response to paragraph 20, Defendant lacks sufficient information or

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

knowledge and belief to respond as to the actions of Sheriff's Deputy Burns, Doe Defendants or Deputy Campos, and on that basis denies the allegations.

18. In response to paragraph 21, Defendant lacks sufficient information or knowledge and belief to respond, and on that basis denies the allegations.

19. In response to paragraph 22, Defendant lacks sufficient information or knowledge and belief to respond, and on that basis denies the allegations.

20. In response to paragraph 23, Defendant denies that it is a public entity or acts under color of state law, denies that it is a law enforcement officer, lacks sufficient information or knowledge and belief to respond as to other Defendants, Deputies, entities or Doe Defendants, and lacks sufficient information or knowledge and belief as to the remaining allegation and on that basis denies the allegations.

21. In response to paragraph 24, as to encounters with law enforcement, Defendant lacks sufficient information or knowledge and belief to respond, and on that basis denies the allegations. As to encounters with Calvary Chapel, Defendant denies the allegations.

22. In response to paragraph 25, Defendant lacks sufficient information or knowledge and belief to respond, and on that basis denies the allegations.

23. In response to paragraph 26, Defendant lacks sufficient information or knowledge and belief to respond, and on that basis denies the allegations.

24. In response to paragraph 27, Defendant lacks sufficient information or knowledge and belief to respond as to the remaining allegations, and on that basis denies the allegations.

25. In response to paragraph 28, Defendant lacks sufficient information or knowledge and belief to respond as to other defendants, but as to itself, the conduct of Plaintiff was frightening, and on that basis denies the remaining allegations.

26. In response to paragraph 29, Defendant lacks sufficient information or knowledge and belief to respond as to the allegations, and on that basis denies the

allegations.

**FIRST CAUSE OF ACTION**

27. In response to paragraph 30, this paragraph incorporates all prior paragraphs in the First Amended Complaint, therefore Defendant incorporates its responses above as if fully set forth at this point.

28. In response to paragraph 31, Defendant denies the allegations.

29. In response to paragraph 32, Defendant denies the allegations.

30. In response to paragraph 33, Defendant denies the allegations.

31. In response to paragraph 34, lacks sufficient information or knowledge and belief to respond as to Plaintiff, his mental status, his criminal convictions, his attorneys' fees his loss of liberty or freedom, his mental status, his emotional status, his distress, his alleged pain and suffering, and his damages claim. Defendant denies generally and specifically each and every allegation contained therein as it refers to itself, and further denies that plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant and denies the remaining allegations.

32. In response to paragraph 35, Defendant denies the allegations.

**SECOND CAUSE OF ACTION**

33. In response to paragraph 36, this paragraph incorporates all prior paragraphs in the Complaint, therefore Defendant incorporates its responses above as if fully set forth at this point.

34. In response to paragraph 37, Defendant denies the allegations.

35. In response to paragraph 38, Defendant denies the allegations.

36. In response to paragraph 39, Defendant lacks sufficient information or knowledge and belief to respond as to the allegations, and on that basis denies the allegations.

37. In response to paragraph 40, Defendant lacks sufficient information or knowledge and belief to respond as to other parties or defendants, Defendant denies

that it arrested Plaintiff and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

38. In response to paragraph 41, Defendant lacks sufficient information or knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

39. In response to paragraph 42, Defendant lacks sufficient information or knowledge and belief to respond as to Plaintiff, his mental status, his criminal convictions, his attorneys fees his loss of liberty or freedom, his mental status, his emotional status, his distress, his alleged pain and suffering, and his damages claim. Defendant denies generally and specifically each and every allegation contained therein as it refers to itself, and further denies that plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant and denies the remaining allegations.

40. In response to paragraph 43, Defendant denies the allegations.

### THIRD CAUSE OF ACTION

41. The third cause of action is not pled against Defendant. Defendant does not respond to paragraphs 44 through 45, since these paragraphs are not pled against Defendant. Further, Defendant is unable to respond to allegations against unidentified Doe defendants and denies all allegations on that basis. Defendant denies the remaining allegations as vague and ambiguous. Defendant does not have sufficient information belief to enable Defendant to answer and on that ground, denies the remaining allegations.

42. Paragraphs 46 and 47 are blank and no response is possible.

43. The third cause of action is not pled against Defendant. Defendant does not respond to paragraphs 48 through 49, since these paragraphs are not pled against Defendant. Further, Defendant is unable to respond to allegations against unidentified Doe defendants and denies all allegations on that basis. Defendant

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

denies the remaining allegations as vague and ambiguous. Defendant does not have sufficient information belief to enable Defendant to answer and on that ground, denies the remaining allegations.

44. The third cause of action is not pled against Defendant. Paragraphs 48 and 49 are duplicated and not consecutively numbered. Defendant does not respond to the second set of paragraphs 48 through 49, since these paragraphs are not pled against Defendant. Further, Defendant is unable to respond to allegations against unidentified Doe defendants and denies all allegations on that basis. Defendant denies the remaining allegations as vague and ambiguous. Defendant does not have sufficient information belief to enable Defendant to answer and on that ground, denies the remaining allegations.

45. Paragraphs 50 through 61 are missing and no response is possible.

### FOURTH CAUSE OF ACTION

46. In response to paragraph 62, this paragraph incorporates all prior paragraphs in the Complaint, therefore Defendant incorporates its responses above as if fully set forth at this point.

47. The fourth cause of action is not pled against Defendant. Defendant does not respond to paragraphs 63 through 68, since these paragraphs are not pled against Defendant.

### FIFTH CAUSE OF ACTION

48. Although the caption references the fifth cause of action, the fifth cause of action is missing from the FAC. Defendant is unable to respond to the missing allegations. Defendant denies the remaining allegations in the caption.

### SIXTH CAUSE OF ACTION

49. In response to paragraph 69, this paragraph incorporates all prior paragraphs in the FAC, therefore Defendant incorporates its responses above as if fully set forth at this point.

50. In response to paragraph 70, Defendant lacks sufficient information or

knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

51. In response to paragraph 71, Defendant lacks sufficient information or knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

52. In response to paragraph 72, Defendant lacks sufficient information or knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

53. In response to paragraph 73, Defendant lacks sufficient information or knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

54. In response to paragraph 74, Defendant lacks sufficient information or knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

55. In response to paragraph 75, Defendant lacks sufficient information or knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

56. In response to paragraph 76, Defendant lacks sufficient information or knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

57. In response to paragraph 77, Defendant lacks sufficient information or

DEFENDANT CALVARY CHAPEL OF THE HIGH DESERT'S ANSWER TO PLTF'S FIRST AMENDED COMPLAINT                                         [5:24-cv-00140]

knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

58. In response to paragraph 78, Defendant denies that it acted under color of law, and lacks sufficient information or knowledge and belief to respond as to other parties or defendants, and lacks sufficient information, belief or knowledge to admit or deny the remaining allegations, and on that basis denies the allegations.

59. In response to paragraph 79, Defendant lacks sufficient information or knowledge and belief to respond as to other parties or defendants, and denies the remaining allegations as to itself.

60. In response to paragraph 80, Defendant lacks sufficient information or knowledge and belief to respond as to Plaintiff, his mental status, his criminal convictions, his attorneys fees his loss of liberty or freedom, his mental status, his emotional status, his distress, his alleged pain and suffering, and his damages claim. Defendant denies generally and specifically each and every allegation contained therein as it refers to itself, and further denies that plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant and denies the remaining allegations.

61. In response to paragraph 81, Defendant denies the allegations.

## JURY DEMAND

62. In response to paragraph 82, this is not an allegation of fact and Defendant does not respond.

## DAMAGES AND ATTORNEYS FEES

63. In response to paragraph 83, this paragraph incorporates all prior paragraphs in the FAC, therefore, Defendant incorporates its responses above as if fully set forth at this point.

64. In response to plaintiff's Prayer for Damages, paragraphs 84 through 90, Defendant lacks sufficient information and belief as to other Defendants or Doe

- 10 -
DEFENDANT CALVARY CHAPEL OF THE HIGH DESERT'S ANSWER TO PLTF'S FIRST AMENDED COMPLAINT                              [5:24-cv-00140]

Defendants. Defendant denies generally and specifically each and every allegation or prayer for damages contained therein as it refers to Defendant and further denies that plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant, and also denies that punitive damages may be awarded against Defendant. Defendant denies the claim for attorneys' fees.

## PRAYER FOR RELIEF

In response to plaintiff's Prayer for Damages, paragraphs A to F, Defendant denies generally and specifically each and every allegation contained therein as it refers to Defendant, and further denies that plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendant and also denies that punitive damages may be awarded against Defendant.

In response to the prayer for punitive damages at item 4, Defendant denies that Plaintiff is entitled to attorneys' fees, costs of suit compensatory damages, punitive damages or other relief sought.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that plaintiff's Complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that plaintiff's FAC and each claim contained therein, is barred on the ground that Defendant was not the cause of any alleged damage, injury, or loss to plaintiff, if any.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Complaint, and each claim contained therein, is barred by the doctrine of claim preclusion, also known as *res judicata*.

TORRES & BRENNER
301 East Colorado Boulevard, Suite 614
Pasadena, California 91101
(626) 792-3175

#### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that plaintiff's FAC and each claim contained therein, is barred pursuant to the equitable doctrine of laches.

#### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant that plaintiff's FAC and each claim contained therein, is barred pursuant to the doctrine of unclean hands.

#### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that plaintiff's FAC and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

#### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that plaintiff is estopped by his own acts or omissions from recovery against Defendant alleges for the claims asserted in the Complaint.

#### EIGHTH AFFIRMATIVE DEFENSE

Any injury to plaintiff was due to and caused by the negligence and omissions of plaintiff to care for himself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to plaintiff.

#### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that plaintiff's alleged damages, if any contained in the Complaint, were caused by persons and/or entities other than Defendant who failed to exercise ordinary care, caution, prudence, and were negligent, or acted wrongfully in their dealing with plaintiff, and that at all time, said persons or entities were acting without consent, authorization, knowledge, and/or ratification of Defendant.  Accordingly, any recovery against Defendant alleged by plaintiff, if any, must be precluded and/or

reduced in a proportionate amount to the fault on the part of such other persons and/or entities.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant s alleges that plaintiff suffered any detriment, such detriment was caused or contributed to by plaintiff's negligence, and damage, if any, should be reduced in direct proportion of his fault.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the conduct, if any, which is the subject of the plaintiff's FAC was absolutely and/or conditionally legally privileged, and/or justified. Further, all actions by defendants were in good faith and reasonable.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that it is not liable for the failure to discharge a mandatory duty in that they exercised reasonable diligence in the discharge of all duties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that it is not liable in that the injuries and damages, if any, were the result of the exercise of the discretion vested in public officers and employees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that on or about the time, date, and place alleged in the plaintiff's FAC the conduct of plaintiff and/or third persons was of such nature as to constitute an independent, intervening, and superseding cause, which was the sole proximate cause of the injuries and damages allegedly suffered by plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any

acts or omissions were discretionary, requiring personal deliberation, decision and judgement which were done honestly, reasonably and in good faith, and by virtue of which it is immune from liability.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that all the causes of action set forth in plaintiff's Complaint are barred because plaintiff failed to take reasonable steps to mitigate his damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's causes of action under the Federal Civil Rights Act are barred, as the Complaint fails to raise facts that go beyond mere tortious conduct and fails to rise to the dignity of a violation of a Federal Constitutional or statutory right.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, defendants are shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Complaint, and each claim contained therein, is barred by the doctrine of collateral estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the actions of Defendant in all respects were reasonable, proper and legal.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant's conduct did not cause the constitutional violations alleged in the plaintiff's Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant is not liable pursuant to the doctrine of assumption of risk.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, the conduct alleged in plaintiff's Complaint did not violate an interest cognizable under 42 U.S.C. § 1983.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, plaintiff's claims are barred by the doctrine of offset.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, plaintiff's claims are barred by the doctrine of release.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any conduct of itself or its employees was absolutely and/or conditionally legally privileged, and/or justified. Further, all actions by Defendant and its employees were in good faith and reasonable.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, the Complaint, and each claim contained therein, is barred by the doctrine of issue preclusion.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Plaintiff's sixth claim based on an Eighth Amendment violation is barred because Plaintiff lacks standing to bring an Eighth Amendment claim where he was not convicted inmate.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Plaintiff's sixth claim based on California Civil Code section 52.1 does not state a claim under that statute.

**THIRTIETH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Plaintiff's first claim for intentional infliction of emotional distress does not state a claim.

///

DEFENDANT CALVARY CHAPEL OF THE HIGH DESERT'S ANSWER TO PLTF'S FIRST AMENDED COMPLAINT                              [5:24-cv-00140]

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that it engaged at all times in conduct protected by the First Amendment.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Plaintiff's second claim for false arrest does not state a claim.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that plaintiff failed to take reasonable steps to minimize or prevent the damages plaintiff claims to have suffered.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that its employees and volunteers acted in reasonable defense of self and defense of others due to the conduct of Plaintiff.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff knew about the risk, and voluntarily undertook the risk that led to the accident or injuries complained of in this case.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that at all times its conduct was privileged, that it exercised its legal rights to practice religion and to protect its member, that its conduct was conduct was lawful and consistent with community standards; and that it had a good-faith belief that it had a legal right to engage in its conduct to protect the privacy and safety of its members.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that other defenses may exist to plaintiff's FAC and Defendants do not waive, but rather reserve the right to assert said defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That plaintiff takes nothing by reason of his Complaint, and that judgment be entered in favor of Defendant;

2. That Defendant shall recover costs of suit incurred herein, including reasonable attorneys' fees, experts fees, and costs of defense; and

3. For such other and further relief as the Court deems proper and just.

Respectfully submitted,

Dated: January 23, 2024         LAW OFFICES OF TORRES & BRENNER

By: /s/ *Anita Susan Brenner*
    Anita Susan Brenner, Esq.
    Attorneys for Defendant Calvary
    Chapel of the High Desert

**DEMAND FOR JURY TRIAL**

Defendant Calvary Chapel of the High Desert hereby demands a trial by jury as to all issues of fact properly triable by jury.

Respectfully submitted,

Dated: January 23, 2024          LAW OFFICES OF TORRES & BRENNER

By: /s/ *Anita Susan Brenner*
　　　Attorneys for Defendant Calvary
　　　Chapel of the High Desert

# CERTIFICATION OF SERVICE

I am employed in the Defendant, State of California. I am over the age of 18 and not a party to the within action; my business address is 301 East Colorado Boulevard, Suite 614, Pasadena, California 91101.

I hereby certify that on **January 23, 2024**, I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CALVARY CHAPEL OF THE HIGH DESERT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF 1-2] AND DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following participants:

Gary Chacon                             In Pro per
P.O. Box 292213
Phelan, CA 92329-2213

I enclosed a copy of the document(s) in a sealed, addressed envelope and placed the envelope for collection and mailing in the United States mail at Pasadena, California, following our ordinary business practice on the aforesaid date.

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed in Pasadena, California on **January 23, 2024**.

                                                  */s/ Idalia G. Guzman*
                                                Idalia G. Guzman