ELYSE S. OKADA, ESQ. (CA State Bar No. 337481)
Deputy County Counsel
TOM BUNTON (CA State Bar No. 193560)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-4604
Facsimile: (909) 387-4069
E-Mail:  Elyse.Okada@cc.sbcounty.gov

Attorneys for Defendants SAN BERNARDINO COUNTY (erroneously sued and served as COUNTY OF SAN BERNARDINO), SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS, and JONATHAN CAMPOS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHACON,<br><br>      Plaintiff,<br>v.<br><br>CALVARY CHAPEL OF THE HIGH DESERT, a California Nonprofit Corporation; COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; DOES 1-10, Individually, and in their capacity as Deputy Sheriffs for the County of San Bernardino County California,<br><br>      Defendants. | Case No. 5:24-cv-00140<br><br>**DEFENDANTS SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS, AND JONATHAN CAMPOS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Honorable District Court<br>Judge Hernan D. Vera<br><br>Honorable Magistrate<br>Judge Shashi H. Kewalramani |

//

//

//

//

1

DEFENDANTS SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS AND JONTHAN CAMPOS' ANSWER TO FIRST AMENDED COMPLAINT

**TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

COME NOW Defendants San Bernardino County, San Bernardino County Sheriff's Department, Jarrod Burns, and Jonathan Campos (collectively, "Defendants"), and answering the First Amended Complaint ("FAC") filed on October 24, 2023, with the Superior Court of California, County of San Bernardino, Case No. CIVSB2229032, herein for themselves and for no other Defendants, admit, deny, and allege as follows:

## JURISDICTION AND VENUE

1. Answering Paragraph 1 of the FAC, Defendants admit that Plaintiff Gary Chacon ("Plaintiff") brings this action pursuant to California Civil Code section 52.1 and the First, Fourth, Eighth, and Fourteenth Amendments of United States Constitution.

2. Answering Paragraph 2 of the FAC, Defendants admit that the Superior Court of the State of California, County of San Bernardino has jurisdiction over claims brought pursuant to California Civil Code section 52.1(d).

3. Answering Paragraph 3 of the FAC, Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

## PARTIES

4. Answering Paragraph 4, 5, and 8 of the FAC, Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

5. Answering Paragraph 6 of the FAC, Defendants admit that San Bernardino County ("County") is a public entity governed by the laws of the State of California and as to the remainder of the allegations set forth in this Paragraph, Defendants deny generally and specifically each and every allegation contained therein.

6. Answering Paragraph 7 of the FAC, Defendants admit that San Bernardino County Sheriff's Department ("SBCSD") is a public entity and is a subdivision of San Bernardino County without conceding that SBCSD is a separately suable entity. As to the

remainder of the allegations set forth in Paragraph 7 of the FAC, these Defendants do not have sufficient information or belief to enable them to answer said Paragraph and, on that ground, deny each and every allegation contained therein.

## FACTUAL ALLEGATIONS

7. Answering Paragraphs 9-29 of the FAC, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

## FIRST CAUSE OF ACTION

8. Answering Paragraph 30 of the FAC, this Paragraph incorporates all prior paragraphs in the FAC, therefore Defendants incorporate by reference their responses to Paragraphs 1-29 as though fully set forth herein.

9. Answering Paragraph 31-35 of the FAC, Plaintiff's First Cause of Action is not pled against these answering Defendants and therefore these answering Defendants are unable to respond. Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

10. Answering Paragraph 36 of the FAC, this Paragraph incorporates all prior paragraphs in the FAC, therefore Defendants incorporate by reference their responses to Paragraphs 1-35 as though fully set forth herein.

11. Answering Paragraph 37-43 of the FAC, Plaintiff's First Cause of Action is not pled against these answering Defendants and therefore these answering Defendants are unable to respond. Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

12. Answering Paragraph 44 of the FAC, this Paragraph incorporates all prior paragraphs in the FAC, therefore Defendants incorporate by reference their responses to

3

Paragraphs 1-43 as though fully set forth herein.

13. Answering Paragraphs 45-49 of the FAC, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

14. Answering Paragraphs 50-55, of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

15. Paragraphs 46 and 47 of the FAC were listed again but left blank, therefore Defendants are unable to respond to said Paragraphs.

16. Answering improperly numbered Paragraphs 48, 49, 47 and 48 on page 7:10-24 of the FAC under the Third Cause of Action section, Defendants deny generally and specifically each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

17. Answering Paragraph 61 of the FAC, this Paragraph incorporates all prior paragraphs in the FAC, therefore Defendants incorporate by reference their responses to all prior paragraphs to Paragraph 61 as though fully set forth herein.

18. Answering Paragraph 62 and 65 of the FAC, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

19. Answering Paragraphs 63, 64, 66, 67, and 68 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

20. The Fifth Cause of Action is missing from the FAC, therefore Defendants are unable to respond to the missing allegations, but deny generally and specifically the allegations as stated in the caption referencing a Fifth Cause of Action.

## SIXTH CAUSE OF ACTION

21. Answering Paragraph 69 of the FAC, this Paragraph incorporates all prior paragraphs in the FAC, therefore Defendants incorporate by reference their responses to all prior paragraphs to Paragraph 69 as though fully set forth herein.

4

22.     Answering Paragraphs 70, 72, 73, 74, 75, and 76 of the FAC, Defendants do not have sufficient information or belief to enable them to answer said Paragraphs and, on that ground, deny each and every allegation contained therein.

23.     Answering Paragraph 71 of the FAC, Defendants admit Plaintiff was arrested on November 1, 2020, for California Penal Code section 415(2).

24.     Answering Paragraphs 77-81 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

## JURY DEMAND

25.     Paragraph 82 of the FAC is not an allegation of fact, therefore Defendants do not respond.

## DAMAGES AND ATTORNEY'S FEES

26.     Answering Paragraph 83 of the FAC, this Paragraph incorporates all prior paragraphs in the FAC, therefore Defendants incorporate by reference their responses to all prior paragraphs to Paragraph 82 as though fully set forth herein.

27.     Answering Paragraphs 84-90 of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

## PRAYER FOR RELIEF

28.     Answering Paragraphs A-F of the FAC, Defendants deny generally and specifically each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

29.     The FAC fails to state facts sufficient to state a claim for relief against these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

30.     The FAC fails to state facts sufficient to state a cognizable 42 U.S.C. section 1983 claim against these Defendants.

//

//

DEFENDANTS SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS AND JONTHAN CAMPOS' ANSWER TO FIRST AMENDED COMPLAINT

### THIRD AFFIRMATIVE DEFENSE

31.    The FAC fails to state a cause of action against Defendants San Bernardino County and San Bernardino County Sheriff's Department pursuant to *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978), and there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or practice.

### FOURTH AFFIRMATIVE DEFENSE

32.    Defendants did not violate Plaintiff's First Amendment rights.

### FIFTH AFFIRMATIVE DEFENSE

33.    Defendants did not violate Plaintiff's Fourth Amendment rights.

### SIXTH AFFIRMATIVE DEFENSE

34.    Defendants did not violate Plaintiff's Eighth Amendment rights.

### SEVENTH AFFIRMATIVE DEFENSE

35.    Defendants' actions in all respects were reasonable, proper and legal.

### EIGHTH AFFIRMATIVE DEFENSE

36.    Defendants are not legally responsible for the acts and/or omissions of the DOE defendants.

### NINTH AFFIRMATIVE DEFENSE

37.    The FAC does not state facts sufficient to constitute a cause of action against Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

### TENTH AFFIRMATIVE DEFENSE

38.    There is no respondeat superior liability under 42 U.S.C. § 1983.

### ELEVENTH AFFIRMATIVE DEFENSE

39.    The San Bernardino County Sheriff and his subordinates act on behalf of the State, not the County, when engaged in law enforcement activities, consequently, any policies, practices, or customs alleged in the FAC are not those of the County within the

6

meaning of 42 U.S.C. § 1983 (see *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820).

## TWELFTH AFFIRMATIVE DEFENSE

40. Plaintiff's alleged injuries were not proximately caused by any policy, custom, practice, procedure, ratification, or failure to train or supervise.

## THIRTEENTH AFFIRMATIVE DEFENSE

41. Plaintiff fails to state a claim based on Defendants' alleged ratification.

## FOURTEENTH AFFIRMATIVE DEFENSE

42. Plaintiff fails to state a claim based on Defendants' alleged failure to train.

## FIFTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff fails to state a claim based on Defendants' alleged policy, practice, or custom.

## SIXTEENTH AFFIRMATIVE DEFENSE

44. The injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, conduct and liability of other persons or entities, and these Defendants request that an allocation of such negligence, conduct and liability be made among such other persons or entities, and that, if any liability is found on the part of these Defendants, judgment against these Defendants be only in an amount which is proportionate to the extent and percentage by which these Defendants' acts or omissions contributed to Plaintiff's injuries or damages, if at all, as provided by California Civil Code §§ 1431 to 1431.5.

## SEVENTEENTH AFFIRMATIVE DEFENSE

45. Any alleged acts or omissions by these answering Defendants were superseded by the negligence or intentional acts of Plaintiff and/or third parties whose negligence intervened and was the sole and proximate cause of any detriment that Plaintiff alleged in the FAC.

//

//

7

DEFENDANTS SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS AND JONTHAN CAMPOS' ANSWER TO FIRST AMENDED COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

46.    Any injury to Plaintiff was due to and caused by the negligence and omissions of the Plaintiff, whose carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff.

## NINTEENTH AFFIRMATIVE DEFENSE

47.    To the extent that Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence and damage, if any, should be reduced in direct proportion to his fault.

## TWENTIETH AFFIRMATIVE DEFENSE

48.    Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

49.    Plaintiff has failed to mitigate or attempt to mitigate his damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

50.    A public employee is not liable for an injury resulting from his act or omission where the act was the result of the exercise of discretion vested in him, whether or not such discretion be abused.  Cal. Gov't Code § 820.2.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

51.    A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.  Cal. Gov't Code § 820.4.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

52.    A public employee is not liable for an injury caused by the act or omission of another person.  Cal. Gov't Code § 820.8.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

53.    A public entity is not liable for an injury to any prisoner.  Cal. Gov't Code § 844.6.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

54.    Neither a public entity nor a public employee is liable for a person resisting arrest.  Cal. Gov't Code § 845.8.

DEFENDANTS SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS AND JONTHAN CAMPOS' ANSWER TO FIRST AMENDED COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

55.    Plaintiff fails to allege a statutory basis for his state law negligence claim.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

56.    Plaintiff failed to comply with the claims presentation requirements of California Government Code § 900, et seq., including particularly, sections 901, 905, 910, 911.1, 911.2, 911.4, 911.6, 911.8, 912.4, 945.4, 945.6, 946.6, 950.2 and California Code of Civil Procedure §§ 313, 342, and 352(b).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

57.    Defendants are immune from liability under the Eleventh Amendment to the Constitution of the United States.

## THIRTIETH AFFIRMATIVE DEFENSE

58.    That pursuant to California Government Code § 818, and *Newport City v. Fact Concerts, Inc.,* 453 U.S. 247 (1981), Defendants are not liable for exemplary or punitive damages in any sum, or at all.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

59.    Defendants' employees did not violate Plaintiff's rights, and nor did they violate any clearly established law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

60.    No act or omission of these answering Defendants was a substantial factor in bringing about the occurrence alleged in the FAC or any injury, loss or damage sustained by Plaintiff if any; nor was any act or omission of these answering Defendants a contributing cause thereof, and any alleged acts or omissions of answering Defendants were superseded by the acts or omissions of other persons, which acts or omissions were the independent, intervening and proximate cause of the occurrence alleged in the FAC.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

61.    Plaintiff voluntarily assumed the risk of the activities alleged in the FAC, under the circumstances and conditions then and there existing, and the damages, if any, sustained by Plaintiff was proximately caused and contributed by the voluntary and/or

9

primary assumption of the risk doctrine.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

62.   The claims against any and all of Defendants' employees are barred by the doctrine of qualified immunity, and therefore, no claim can lie against these individual Defendants.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

65.   Defendants are immune from liability under the Civil Rights Act because Defendants and their employees acted in good faith, with an honest and reasonable belief that their actions were appropriate.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

66.   This action is barred by the applicable statute of limitations.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

67.   Plaintiff failed to join all necessary parties to this action.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

68.   The claims asserted herein are patently meritless and frivolous, entitling Defendants to attorneys' fees pursuant to 42 U.S.C. § 1988.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

69.   Plaintiff's claim under Civil Code section 52.1 fails as a matter of law because Defendants did not harbor any specific intent to violate any of Plaintiff's rights, and Plaintiff's rights were not interfered with through threats, intimidation or coercion.

### FORTIETH AFFIRMATIVE DEFENSE

70.   Probable cause existed to arrest Plaintiff.

### FORTY-FIRST AFFRIRMATIVE DEFENSE

71.   Plaintiff's claims and requests for relief are barred, in whole or in part, by the Prison Litigation Reform Act.

### FORTY-SECOND AFFRIRMATIVE DEFENSE

72.   Plaintiff's claims and requests for relief are barred, in whole or in part, by *Heck v. Humphrey*, 512 U.S. 477 (1994).

10

## FORTY-THIRD AFFRIRMATIVE DEFENSE

73.    Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendants San Bernardino County, San Bernardino County Sheriff's Department, Jarrod Burns, and Jonathan Campos pray that Plaintiff take nothing by way of his FAC and that Defendants herein recover its costs, attorneys' fees, and such other and further relief as the Court may deem just and proper.

DATED: January 26, 2024             Respectfully submitted,

TOM BUNTON
County Counsel

*/s/ Elyse S. Okada*
ELYSE S. OKADA
Deputy County Counsel
Attorneys for Defendants San Bernardino County,
San Bernardino County Sheriff's Department,
Jarrod Burns, and Jonathan Campos

DEFENDANTS SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS AND JONTHAN CAMPOS' ANSWER TO FIRST AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants San Bernardino County, San Bernardino County Sheriff's Department, Jarrod Burns, and Jonathan Campos demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

DATED: January 26, 2024          Respectfully submitted,

TOM BUNTON
County Counsel

*/s/ Elyse S. Okada*
ELYSE S. OKADA
Deputy County Counsel
Attorneys for Defendants San Bernardino County， San Bernardino County Sheriff's Department, Jarrod Burns, and Jonathan Campos

DEFENDANTS SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS AND JONTHAN CAMPOS' ANSWER TO FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On January 26, 2024, I served the following documents (*specify*): **DEFENDANTS SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS AND JONTHAN CAMPOS' ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

I served the documents on the persons below, as follows:

| | |
|---|---|
| Gary Chacon<br>PO Box 292213<br>Phelan, CA  92329-2213<br>Phone: (760) 515-9242<br>Email: sheepshowmedia@gmail.com<br>*Plaintiff in Pro Per* | Anita Susan Brenner, Esq.<br>Law Offices of Torres & Brenner<br>301 E. Colorado Blvd., Suite 614<br>Pasadena, CA 91101-1918<br>Phone: (626) 792-3175<br>Email: info@torresbrenner.com<br>*Attorneys for Defendant Calvary Chapel of the High Desert* |

The documents were served by the following means:

☒ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing envelopes for mailing. On the same day that an envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in San Bernardino, California, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California.

☒ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

DATED: January 26, 2024

_/s/ Josephine DuSold_____
Josephine DuSold, Declarant

13

DEFENDANTS SAN BERNARDINO COUNTY, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, JARROD BURNS AND JONTHAN CAMPOS' ANSWER TO FIRST AMENDED COMPLAINT