GARY CHACON
PO Box 292213
Phelan, CA 92329-2213
(760)515-9242
sheepshowmedia@gmail.com

GARY CHACON, IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT

FEB 2 2 2024

CENTRAL DISTRICT OF CALIFORNIA
BY                                 DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHACON,<br><br>Plaintiff,<br><br>v.<br><br>CALVARY CHAPEL OF THE HIGH DESERT, a California Nonprofit Corporation; COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; JARROD E. BURNS and JONATHAN CAMPOS, Individually, and in their capacity as Deputy Sheriffs for the County of San Bernardino County California,<br><br>Defendants, | Case No.: 5:24-cv-140-HDV-SHK<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; EXHIBITS 1-4**<br><br>Hearing: CLOSED<br>Time: CLOSED<br>Courtroom: 3 or 4<br>Judge: Magistrate Judge Shashi H. Kewalramani |

**TO THE HONORABLE COURT, ALL DEFENDANTS, AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT as soon as this matter may be heard, in Courtroom 3 or 4, located at 3470 12th St., Riverside, California, Plaintiff will move the court for an order, pursuant to 28 U.S.C. § 1447(c), remanding this action to the Superior Court in and for the County of San Bernardino.

- 1 -

NOTICE OF MOTION AND MOTION TO REMAND; MEMO OF P&A IN SUPPORT THEREOF (5:24-cv-140)

Plaintiff moves for remand on the grounds that:

(1) Plaintiff's complaint does not raise a substantial federal question that is necessary to resolve any of plaintiff's state claims.

(2) Plaintiff's complaint does not implicate "a serious federal interest".

(3) This court does not have original jurisdiction over actions brought pursuant to California Civil Code § 52.1.

(4) Removal was not timely.

Plaintiff's motion for remand is based on this notice of motion and motion, the memorandum of law filed in support of this motion, and such other and further evidence and argument, both written and oral, as may be presented to the Court before the motion is submitted for decision.

## INTRODUCTION

Plaintiff respectfully asks this Court to remand this action to state court. Removal from State court was improper because:

(1) Removal was not timely.

(2) All claims are made pursuant to California Civil Code § 52.1.

(3) All relief is sought pursuant to California Civil Code § 52.1.

(4) There are no substantial federal questions for claims and relief sought pursuant to California Civil Code § 52.1.

(5) Plaintiff has relied exclusively on state law, California Civil Code § 52.1.

(6) This court does not have original jurisdiction over actions brought pursuant to California Civil Code § 52.1.

## PROCEDURAL HISTORY

1.    On or about October 31, 2022, a state court action was filed in the San Bernardino Superior Court by plaintiff seeking redress for deprivation of rights under California Civil Code § 52.1.

- 2 -

2.    On September 29, 2023, a trial setting conference was held. The court granted plaintiff until December 13, 2023 to serve defendants or show cause. Exhibit "1".

3.    On October 24, 2023 plaintiff filed an amended complaint naming DOES.

4.    On October 25, 2023, defendant Calvary Chapel of the High Desert was properly served the summons, complaint, and amended complaint naming DOES.

5.    On October 25, 2023, defendants, County of San Bernardino; San Bernardino County Sheriff's Department; Jarrod E. Burns; and Jonathan Campos were properly served the summons, complaint, and amended complaint naming DOES.

6.    On or about November 16, 2023, defendants, County of San Bernardino; San Bernardino County Sheriff's Department; Jarrod E. Burns; and Jonathan Campos filed a Motion to Quash Service of the Summons and Complaint.

7.    On or about November 27, 2023, the court returned the Motion to Quash Service of the Summons and Complaint for the following reason: "Jarrod Burns and Jonathan Campos are not named parties to this case. Please correct and resubmit."

8.    On December 13, 2023 8:30 AM, an OSC hearing was held. Plaintiff represents all defendants have been served. Counsel for Defendant County represents a Motion to Quash Service is being filed. The court strongly recommends plaintiff confer with Counsel for Defendant County and seek resolution prior to the Motion to Quash hearing. Plaintiff conferred with Counsel for Defendant County, in person, immediately after the OSC hearing. Exhibit "2".

9.    On December 13, 2023 3:43 PM, Defendant County electronically resubmitted the Motion to Quash Service.

10.    On December 18, 2023 10:15 AM, Counsel for Defendant County sent Plaintiff an email; *"To streamline and to avoid another Motion to Quash, I can accept service of a corrected summons and complaint on behalf of San Bernardino County, San Bernardino County Sheriff's Department , Jarrod Burns and Jonathan*

- 3 -

*Campos. Please let me know if you are agreeable to this, and if so, please re-serve either by email or mail to me, the corrected summons and complaint for San Bernardino County, San Bernardino County Sheriff's Department, Jarrod Burns and Jonathan Campos. If service is made to me with the summons completed correctly, I will withdraw my Motion to Quash."* Exhibit "3".

11.     On December 22, 2023 12:50 AM, Plaintiff served Counsel for Defendant County via email, corrected Summonses for San Bernardino County, San Bernardino County Sheriff's Department, Jarrod Burns and Jonathan Campos, reflecting the changes requested by Counsel for Defendant County; along with the Original Complaint; and the Amended Complaint naming DOES. Exhibit "4".

12.     On or after January 29, 2024, Plaintiff retrieved notice of removal, via US Mail delivered to Plaintiff's Post Office Box, sent by Counsel for Defendant County, postmarked January 24, 2024.

## MEMORANDUM OF POINTS AND AUTHORITIES

13.     The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S. Code § 1446(b)(1).

14.     Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal. 28 U.S. Code § 1446(b)(2)(B).

15.     1983 actions may be brought in state courts. Martinez v. California, 444 U. S. 277 (1980).

16.     Petitioners also argue that jurisdiction to hear § 1983 claims rests exclusively with the federal courts. Any doubt that state courts may also entertain

such actions was dispelled by Martinez v. California, 444 U. S. 277, 444 U. S. 283-284, n. 7 (1980). Maine v. Thiboutot, 448 U.S. 1 (1980).

17.    As a result, a plaintiff--as master of the complaint--"may avoid federal jurisdiction by exclusive reliance on state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

18.    The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Prize Frieze, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. See Gaus, 980 F.2d at 566; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

19.    Tom Bane Civil Rights Act. California Civil Code § 52.1(b) If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. An action brought by the Attorney General, any district attorney, or any city attorney may also seek a civil penalty of twenty-five thousand dollars ($25,000). If this civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section and the penalty shall be awarded to each individual whose rights under this section are determined to have been violated.

20.    California Civil Code § 52.1(c) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be

NOTICE OF MOTION AND MOTION TO REMAND; MEMO OF P&A IN SUPPORT THEREOF (5:24-cv-140)

interfered with, as described in subdivision (b), may institute and prosecute in their own name and on their own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (b).

21.     California Civil Code § 52.1(d) An action brought pursuant to subdivision (b) or (c) may be filed either in the superior court for the county in which the conduct complained of occurred or in the superior court for the county in which a person whose conduct complained of resides or has their place of business. An action brought by the Attorney General pursuant to subdivision (b) also may be filed in the superior court for any county wherein the Attorney General has an office, and in that case, the jurisdiction of the court shall extend throughout the state.

## ARGUMENT

## I

## Removal Was Not Timely

22.     On December 13, 2023 Plaintiff, acting on the advise of the court, conferred with Counsel for the Defendant County to reach an agreement regarding County Counsel's proposed Motion to Quash Service of the Summons and Complaint. At all times Plaintiff was acting in good faith. At no time did Counsel for the Defendant County inform Plaintiff of their intent to remove to federal court. Counsel for the Defendant County advised Plaintiff that the check boxes identifying the type of entity served were not checked on the summons. Defendant Counsel advised Plaintiff that if a corrected summons was served for defendants Jarrod E. Burns and Jonathan Campos, they would accept service via email and withdraw the motion to Quash.

23.     On December 18, 2023 Plaintiff received an email from Counsel for the Defendant County following up on our conversation regarding the Motion to Quash. This email differed from the previous agreement we had reached as it added a request

for a corrected summons for San Bernardino County and San Bernardino County Sheriff's Department. At the time we conferred on December 13, 2023 Counsel for Defendant County was only asking for corrected summonses for Jarrod E. Burns and Jonathan Campos. At all times Plaintiff was acting in good faith. Counsel for Defendant County advised that; *"If service is made to me with the summons completed correctly, I will withdraw my Motion to Quash."*. At no time did Counsel for Defendant County inform Plaintiff of any intent to remove to federal court.

24.     Plaintiff vigorously asserts that the original summonses, complaint, and amended complaint naming DOES did not contain any fatal flaws that would invalidate proper service pursuant to state law.

25.     Plaintiff vigorously asserts and maintains that all defendants were properly served on October 25, 2023 and the amended summonses, sent on December 22, 2023, was a compromise prompted by the urging of the court to work something out.

26.     Counsel for Defendant County advised Plaintiff on two separate occasions that if corrected summonses were served, they would withdraw their Motion to Quash, not that they would use the corrected summonses to reset the clock and remove to federal court. At all times Plaintiff was acting in good faith.

27.     Any ambiguities are construed against removal and in favor of remand to state court. Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013)

## II

## **All Claims are Made Pursuant to California Civil Code § 52.1**

28.     The Tom Bane Act, California Civil Code § 52.1 provides that both State and Federal Civil Rights violation may be brought in State Court.

29.     Plaintiff is a Pro Se Litigant. Plaintiff did reference federal civil rights violations in the complaint and in the causes of action however, plaintiff also clearly indicated with respect to all federal civil rights, that the claims were made pursuant to "VIOLATION OF CALIFORNIA CIVIL CODE § 52.1".

30.     Any ambiguities are construed against removal and in favor of remand to state court. Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013)

### III

### All Relief is Sought Pursuant to California Civil Code § 52.1.

31.     Plaintiff sought all relief pursuant to California Civil Code § 52.1.  No federal relief was sought in the complaint.

32.     Any ambiguities are construed against removal and in favor of remand to state court. Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013)

### IV

### There are no Substantial Federal Questions Under Claims and Relief Sought Pursuant to California Civil Code § 52.1.

33.     Plaintiff's complaint and claims do not include any substantial federal questions. Rather, the plaintiff merely referenced the federal civil rights violations, seeking relief exclusively under state law.

34.     Defendants have not explained how the mere reference to federal law or any purported federally related questions are "substantial" and implicate "a serious federal interest".

35.     Any ambiguities are construed against removal and in favor of remand to state court. Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013)

### V

### Plaintiff Has Relied Exclusively on State Law, California Civil Code § 52.1.

36.     Plaintiff relies exclusively on state law and seeks remedy exclusively under California Civil Code § 52.1.

37.     Any ambiguities are construed against removal and in favor of remand to state court. Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013)

### VI

### This Court Does Not Have Original Jurisdiction Over Actions Brought Pursuant to California Civil Code § 52.1.

- 8 -

38.    An action brought pursuant to California Civil Code 52.1 may be filed either in the state superior court for the county in which the conduct complained of occurred or in the state superior court for the county in which a person whose conduct complained of resides or has their place of business.

39.    Any ambiguities are construed against removal and in favor of remand to state court. Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013)

## **CONCLUSION**

As demonstrated above, this court lacks removal jurisdiction over this action. The complaint seeks relief exclusively under state law; lacks any substantial federal questions; does not implicate a serious federal interest; and state court has original jurisdiction over matters brought pursuant to California Civil Code § 52.1. Additionally, the removal was not timely filed. Therefore, the Court should grant plaintiff's motion to remand this action to the superior court and award plaintiff its just costs and expenses incurred in connection with defendant's attempted removal of this action.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 16, 2024

DATED: February 18, 2024        By: _GARY CHACON_____

                                         GARY CHACON
                                         In Pro Per

NOTICE OF MOTION AND MOTION TO REMAND; MEMO OF P&A IN SUPPORT THEREOF (5:24-cv-140)

# EXHIBIT "1"

 **SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO
San Bernardino District
247 West 3rd St
San Bernardino, CA 92415
www.sb-court.org**

# PORTAL MINUTE ORDER

**Case Number: CIVSB2229032**                                        **Date: 9/29/2023**

**Case Title:  Chacon**
             -v-
             **Cavalry Chapel of the Highest Desert et al**

---

| **Department S27 - SBJC** | **Date: 9/29/2023** | **Time: 8:30 AM** | **Trial Setting Conference** |
| --- | --- | --- | --- |

---

Judicial Officer: Thomas S Garza
Judicial Assistant: Stephanie Reed
Court Reporter: Recorded Electronically
Court Attendant: Patrick Pierson
9:18 AM

**Appearances**
Plaintiff Gary Chacon present

**Proceedings**
Hearing continued at the request of the Plaintiff.
Reason: Plaintiff requests more time to serve Defendants and to try to try and retain counsel.
The Court informs Plaintiff that if service is unsuccessful, to file a declaration to avoid dismissal of the case.
Court reminds the plaintiff of California Rule of Court 3.110(b), which states: The complaint must be served on all
named defendants and proofs of service on those defendants must be filed with the court within 60 days after the
filing of the complaint.

**Hearings**
Further OSC re (Predisposition): set for 12/13/2023 at 8:30 AM in Department S27 - SBJC
Status of Service/Dismissal of Non-Srvd Def/Potential  TSC

9:21 AM

== Minute Order Complete ==

# EXHIBIT "2"



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
**San Bernardino District**
**247 West 3rd St**
**San Bernardino, CA 92415**
**www.sb-court.org**

# PORTAL MINUTE ORDER

**Case Number: CIVSB2229032**                                     **Date: 12/13/2023**

**Case Title:** Chacon
-v-
**Cavalry Chapel of the Highest Desert et al**

| Department S27 - SBJC | Date: 12/13/2023 | Time: 8:30 AM | Further OSC re (Predisposition): |
|---|---|---|---|

Judicial Officer: Thomas S Garza
Judicial Assistant: Christopher Goldstein
Court Reporter: Not Reported or Recorded
Court Attendant: Cesar Lepe
8:39 AM

**Appearances**
Plaintiff Gary Chacon present, Pro Se
Attorney Elyse Okoda makes a special appearance for Defendants County of San Bernardino

**Proceedings**
Court inquires of Plaintiff in regards to service of the complaint.
Plaintiff represents all defendants have been served.
Counsel for Defendant represents a Motion to Quash Service is being filed, and has a hearing date reserved in April, 2024.
Hearing continued at the request of Defense Counsel.
Reason: In order to trail Defendant's Motion to Quash currently reserved for 04/11/2024.

**Hearings**
Trial Setting Conference set for 4/11/2024 at 8:30 AM in Department S27 - SBJC

Notice to be given by Counsel for Defendant
8:43 AM

**== Minute Order Complete ==**

# EXHIBIT "3"

 **Gmail**

## Chacon v. Calvary Chapel of the High Desert, et al. Case No. CIVSB2229032 - Improper Service of Summons

5 messages

---

**Okada, Elyse** <Elyse.Okada@cc.sbcounty.gov>　　　　　Mon, Dec 18, 2023 at 10:15 AM
To: "sheepshowmedia@gmail.com" <sheepshowmedia@gmail.com>
Cc: "DuSold, Josephine" <Josephine.DuSold@cc.sbcounty.gov>, "Anglin, Josie" <Josie.Anglin@cc.sbcounty.gov>

Dear Mr. Chacon,

After the December 13, 2023, hearing for an Order to Show Cause, the issue of proper service on San Bernardino County and San Bernardino County Sheriff's Department was raised. I see that you filed the proofs of service with the Court for the Defendants, however, in addition to San Bernardino County and San Bernardino County Sheriff's Department being improperly served, so was Jarrod Burns, and Jonathan Campos.

To streamline and to avoid another Motion to Quash, I can accept service of a corrected summons and complaint on behalf of **San Bernardino County, San Bernardino County Sheriff's Department , Jarrod Burns and Jonathan Campos**. Please let me know if you are agreeable to this, and if so, please re-serve either by email or mail to me, the corrected summons and complaint for **San Bernardino County, San Bernardino County Sheriff's Department, Jarrod Burns and Jonathan Campos**.

If service is made to me with the summons completed correctly, I will withdraw my Motion to Quash.

Please let me know if this is agreeable, or if you have any questions or concerns.

Thank you.

Elyse Okada

Deputy County Counsel
*Office of County Counsel*
Email: Elyse.Okada@cc.sbcounty.gov

Phone: 909-387-4604
385 North Arrowhead Ave.
San Bernardino, CA 92415



*Our job is to create a county in which those who reside and invest can prosper and achieve well-being.*

Case 5:24-cv-00140-MRA-AYP    Document 20    Filed 02/22/24    Page 16 of 19    Page ID
#:200

2/18/24, 12:26 PM                    Gmail - Chacon v. Calvary Chapel of the High Desert, et al. Case No. CIVSB2229032 - Improper Service of Summons

**www.SBCounty.gov**

CONFIDENTIALITY NOTICE: This communication contains legally privileged and confidential information sent solely for the use of the intended recipient. Any use, review, disclosure, reproduction, distribution, copying of, or reliance on, this communication and any attachment is strictly prohibited. If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.

---

**Okada, Elyse** <Elyse.Okada@cc.sbcounty.gov>                    Wed, Dec 20, 2023 at 10:02 AM
To: "sheepshowmedia@gmail.com" <sheepshowmedia@gmail.com>
Cc: "DuSold, Josephine" <Josephine.DuSold@cc.sbcounty.gov>

Dear Mr. Chacon,

I wanted to follow up on my email below to you on Monday. Please let me know if you are agreeable to my proposal.

[Quoted text hidden]

---

**Sheep Show Media** <sheepshowmedia@gmail.com>                    Wed, Dec 20, 2023 at 10:51 AM
To: "Okada, Elyse" <Elyse.Okada@cc.sbcounty.gov>

Yes and thank you. I am working on getting this to you by Friday.

Sincerely,

Gary Chacon
[Quoted text hidden]

**2 attachments**


**image001.png**
11K


**image001.png**
11K

---

**Okada, Elyse** <Elyse.Okada@cc.sbcounty.gov>                    Wed, Dec 20, 2023 at 11:01 AM
To: Sheep Show Media <sheepshowmedia@gmail.com>
Cc: "DuSold, Josephine" <Josephine.DuSold@cc.sbcounty.gov>

Sounds good. Thank you.

Elyse Okada

Deputy County Counsel
*Office of County Counsel*

# EXHIBIT "4"

Email: Elyse.Okada@cc.sbcounty.gov

Phone: 909-387-4604
385 North Arrowhead Ave.
San Bernardino, CA 92415



*Our job is to create a county in which those who reside and invest can prosper and achieve well-being.*

**www.SBCounty.gov**

*CONFIDENTIALITY NOTICE: This communication contains legally privileged and confidential information sent solely for the use of the intended recipient. Any use, review, disclosure, reproduction, distribution, copying of, or reliance on, this communication and any attachment is strictly prohibited. If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.*

**From:** Sheep Show Media <sheepshowmedia@gmail.com>
**Sent:** Wednesday, December 20, 2023 10:51 AM
**To:** Okada, Elyse <Elyse.Okada@cc.sbcounty.gov>
**Subject:** Re: Chacon v. Calvary Chapel of the High Desert, et al. Case No. CIVSB2229032 - Improper Service of Summons

You don't often get email from sheepshowmedia@gmail.com. Learn why this is important

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you can confirm the sender and know the content is safe.**

[Quoted text hidden]

**Sheep Show Media** <sheepshowmedia@gmail.com>                    Fri, Dec 22, 2023 at 12:50 AM
To: "Okada, Elyse" <Elyse.Okada@cc.sbcounty.gov>

Attached, please find summons for: County of San Bernardino; San Bernardino County Sheriff's Department; Jarrod E. Burns; Jonathan Campos. Attached to the summons for Jarrod E. Burns and Jonathan Campos is the Fictitious Name Amendment to Complaint SB-16778. I have also attached the Amended Complaint.

I have been advised that filing a new summons with the court is not required if the only change is amending DOES to true names; therefore, I have used the original summons and have completed the "NOTICE TO THE PERSON SERVED" section.

As to your concern regarding "Additional Parties Attachment Form is Attached" in the defendant box on the summons; form SUM-200(A) is an approved Judicial Council of California form and the both the Summons and the Additional Parties Attachment Form were completed pursuant to the instructions for form SUM-200(A) which specifically states "If this

attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

Please let me know if these are acceptable to you. If you have any questions or concerns or need any other corrections, please do not hesitate to contact me.

Sincerely,

Gary Chacon

[Quoted text hidden]

---

**5 attachments**

🗎 **Summons San Bernardino County Sheriff's Department.pdf**
   88K

🗎 **Summons Jonathan Campos.pdf**
   129K

🗎 **Summons County of San Bernardino.pdf**
   87K

🗎 **Summons Jarrod E. Burns.pdf**
   124K

🗎 **Amended Complaint.pdf**
   2659K